NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRI PLUMB,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No. 22-15488

D.C. No. 3:20-cv-08223-JJT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted March 9, 2023
Las Vegas, Nevada

Before: GRABER, BENNETT, and DESAI, Circuit Judges.

Terri Plumb appeals the district court's order affirming the Commissioner of

Social Security's denial of her application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act.

We have jurisdiction under 28 U.S.C § 1291 and 42 U.S.C. § 405(g). We affirm.

Ms. Plumb raises one issue on appeal. She argues that the Administrative Law

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge ("ALJ") erred by giving "little weight" to the medical opinion of her treating physician, Dr. Retay, who found that Ms. Plumb has significant functional limitations. The ALJ instead relied on the medical opinions of two non-examining Social Security Administration ("SSA") physicians who found that Ms. Plumb can perform light work.

If another doctor contradicts a treating physician's opinion, "the ALJ may discount the treating physician's opinion by giving specific and legitimate reasons that are supported by substantial evidence in the record." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation and internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*). The ALJ gave adequate reasons for discounting Dr. Retay's opinion based on substantial evidence in the record.

The ALJ gave four reasons for discounting the opinion: (1) Dr. Retay did not perform in-depth physical examinations to support her opinion; (2) Dr. Retay did not rely on enough objective evidence to support the "extreme" limitations she attributed to Ms. Plumb; (3) Dr. Retay is not entitled to higher weight as an orthopedic or neurological specialist; and (4) the SSA physicians' opinions were more consistent with Ms. Plumb's "routine and conservative care." The ALJ's first reason was not

supported by substantial evidence because Dr. Retay's treatment notes show that she gave Ms. Plumb nine physical examinations before issuing her medical opinion. The ALJ's other reasons, however, are based on enough evidence that "a reasonable mind might accept as adequate." *Ahearn*, 988 F.3d at 1115. In particular, after considering and summarizing the medical record evidence, the ALJ reasonably found that Ms. Plumb's "treatment remained the same throughout the relevant period," which supports "the conclusion that [Ms. Plumb] remained capable of performing her past work." *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (holding that the ALJ properly discounted a treating physician's "extreme" opinion when the physician "prescribed a conservative course of treatment").

**AFFIRMED.**